# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **DON W. MCKINNEY,** | )<br>) |
| Plaintiff, | ) Case No. 2:12CV00032<br>) |
| v. | ) **OPINION**<br>) |
| **COMMONWEALTH OF VIRGINIA,** | ) By: James P. Jones<br>) United States District Judge |
| Defendant. | ) |

*Don W. McKinney, Pro Se Plaintiff.*

The pro se plaintiff, Don W. McKinney, proceeding in forma pauperis, has filed a pleading that the court construed and docketed as a civil rights action under 42 U.S.C. § 1983, challenging the validity of past state court rulings. In addition to the original complaint, McKinny has submitted multiple motions and supplements. After review of the record, I find that McKinney's civil action must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim. All pending motions will be dismissed as moot.

I

McKinney currently resides at an assisted living facility in Dryden, Virginia. As in many of his prior civil pro se lawsuits, McKinney challenges a judgment of not guilty by reason of insanity entered in the Lee County, Virginia, Circuit Court

in 1994. He also challenges unspecified rulings by the Wise County, Virginia, Circuit Court and the Supreme Court of Virginia. McKinney names the Commonwealth of Virginia as the defendant in this action and, as relief, begs this court to "[g]ive the accused a favorable ruling." (Compl. 3.)

II

Under 28 U.S.C. § 1915(e), the court has a mandatory duty to screen complaints filed in forma pauperis. *Eriline Co. v. Johnson*, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston Cnty.*, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (*citing* 28 U.S.C. § 1915(e)(2)(B)). To state an actionable claim, the factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The only defendant that McKinney names in this lawsuit is the Commonwealth of Virginia. It is well settled that a state cannot be sued under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Thus, McKinney cannot proceed with his lawsuit against the

Commonwealth, and all claims against this defendant must be dismissed under § 1915(e)(2)(B).

Moreover, McKinney's complaint and supplemental evidence fail to allege sufficient facts to state any actionable claim under § 1983 against anyone. McKinney's submissions consist of a collection of conclusory assertions and opinions and do not forecast facts on which McKinney could prove an actionable claim that he suffered a violation of his constitutional rights related to the challenged judgment of not guilty by reason of insanity or his court-ordered commitment or conditional release in the years following that judgment.[1] *Twombly*, 550 U.S. at 555; *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 954 (4th Cir. 1995) (finding that § 1915 permits district court to independently assess the merits of in forma pauperis complaints, and "to exclude suits that have no arguable basis in law or fact").

III

For the reasons stated, I must summarily dismiss without prejudice McKinney's complaint as supplemented, pursuant to § 1915(e)(2)(B), for failure to

---

[1] To the extent that McKinney may be seeking habeas corpus relief from a current court order regarding his commitment or conditional release, he must first demonstrate that he has exhausted available state court remedies as required under 28 U.S.C. § 2254(b). McKinney does not allege specific facts indicating that he litigated his current claims through all available state court proceedings before submitting his claims to this federal court.

state a claim, and, accordingly, will also dismiss all motions and petitions without prejudice pending in the action.

A separate Final Order will be entered herewith.

DATED: July 31, 2013

/s/  James P. Jones
United States District Judge